ALFRED J. WOODS, PLAINTIFF-APPELLEE, v. PUBLIC SERVICE COMPANY, DEFENDANT-APPELLANT.

Submitted December 6, 1912—Decided March 3, 1913.

The driver of a fire apparatus, on the way to a fire, approached a street upon which he knew cars were running at frequent intervals and his management of the team of horses drawing the apparatus was such that he was guilty of contributory negligence in colliding with a trolley car, unless a city ordinance which made it a misdemeanor for anyone in or upon or owning any vehicle to refuse the right of way or, in any way obstruct any fire apparatus, abrogated the rule relating to contributory negligence, and thus excused him from the application of the rule. *Held*, that such an ordinance which simply imposes a liability for the non-observance of its terms does not abrogate the rule relating to contributory negligence.

---

On appeal from a judgment in favor of the plaintiff, recovered in the Hudson County Circuit Court.

The plaintiff was a fireman in the service of the Jersey City fire department, and while driving a team of horses attached to a fire engine, in response to a fire alarm, collided with a trolley car belonging to the defendant, resulting in injuries to the plaintiff for which he brought his suit and recovered a judgment, and the defendant has appealed for the following reasons, viz., refusal to allow nonsuit upon defendant's motion; the admission of evidence over the objec-

tion of the defendant, and failure to charge the jury as requested.

The accident happened at the junction of Montgomery street and Varick street in the city of Jersey City. The defendant operates a trolley line through Montgomery street along two sets of tracks, one for eastbound, and the other for westbound cars. Varick street crosses Montgomery street at approximately right angles. On the day of the accident the plaintiff was driving the team at full speed along Varick street towards Montgomery street. As he approached Montgomery street he saw a trolley car running along Montgomery street nearly, if not quite, at the corner of Varick street, and in order to avoid a collision turned his horses sharply around the Montgomery street corner, but not quickly, or sufficiently, enough to prevent the trolley car from striking the engine and injuring him.

An ordinance of the city provides that the officers and men of the fire department "When on duty, shall have the right of way at any fire and in any highway, street, or avenue, over any and all vehicles of any kind, except those carrying the United States mail. And any person in or upon or owning any vehicle who shall refuse the right of way, or in any way obstruct any fire apparatus, or any of said officers while in the performance of duty, shall be guilty of a misdemeanor."

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the appellant, *Edwards & Smith.*

For the appellee, *Peter & John Bentley.*

The opinion of the court was delivered by

BERGEN, J. The motion for a nonsuit should have been allowed and its refusal requires a reversal of this judgment. We think it must be admitted that if a person, in the usual course of business or pleasure, was driving this team of horses at the speed, and in the manner, plaintiff admits he was driv-

ing when the collision occurred, a nonsuit should have been granted. So the only question presented is does the fact that the plaintiff was driving a fire engine, and entitled to such a right of way against all other conveyances, as is described in the ordinance of the city, absolve him from the legal effect resulting from contributing by his negligence to the accident. We are of the opinion that the ordinance does not have this effect. The plaintiff knew that there was a line of trolley tracks in Montgomery street along which cars were being run at frequent intervals and he had no right to assume that he could drive his apparatus across that street without the slightest regard to the movement of the trolley cars thereon, but on the contrary he was bound to exercise reasonable care with reference to conditions which he well knew.

The city ordinance does not justify the driver of a fire engine even while on duty, in entirely disregarding the rights of others on the public highway. It is intended, by its terms, to prevent the operators of other vehicles from refusing the right of way to a fire apparatus, on its way to a fire, and declares a refusal thereof by anyone to be a misdemeanor, but it is no authority for the negligent running down by such apparatus of any other vehicle, and when this driver approached a street upon which he knew he was liable to find a car in his pathway, or so close thereto that it might be impossible to stop it, he should have had his team under such control as to be able to stop, if necessary, to prevent a collision with another vehicle lawfully upon the street.

An ordinance which imposes a liability for the non-observance of its terms does not abrogate the rule of contributory negligence. 33 *Cyc.* 991. To give full effect to the argument of the plaintiff in this case, he would have been absolved from contributory negligence if, seeing the car in ample time to stop his team, he had nevertheless, relying upon his claim to a right of way, driven directly into the trolley car. Such a doctrine has no support in the law.

The right of way, such as the plaintiff claims in this case as his justification for the speed at which he was driving at the point of the accident, did not excuse him from exercising

care and prudence in driving across the trolley tracks of the defendant, and as it is not pretended that he exercised ordinary care in the premises, the ordinance evoked affords him no protection, and as, in the absence of such ordinance he was clearly guilty of contributory negligence, defendant was entiled to the allowance of his motion for a nonsuit.

As the result which we have reached requires a reversal of this judgment, it is not necessary to consider the other questions raised by the plaintiff in error. The judgment will be reversed and a new trial awarded.